1   Jon G. Miller, Bar No. 150702
    jmiller@littler.com
2   Uliana Kozeychuk, Bar No. 258984
    ukozeychuk@littler.com
3   LITTLER MENDELSON, P.C.
    18565 Jamboree Road
4   Suite 800
    Irvine, California  92612
5   Telephone:  949.705.3000
    Fax No.:    949.724.1201
6
    Attorneys for Defendants
7   ENCOMPASS HEALTH REHABILITATION
    HOSPITAL OF MURRIETA, LLC and
8   ENCOMPASS HEALTH CORPORATION
9
10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
13  TRANEKA ECHOLS,                      Case No.
14              Plaintiff,               **DEFENDANTS' NOTICE OF
                                         REMOVAL OF ACTION TO
15      v.                               UNITED STATES DISTRICT
                                         COURT**
16  ENCOMPASS HEALTH
    REHABILITATION HOSPITAL OF           **[Los Angeles County Superior Court
17  MURRIETA; ENCOMPASS HEALTH           Case No. 21STCV18896]**
    REHABILITATION HOSPITAL OF
18  MURRIETA, LLC; ENCOMPASS
    HEALTH CORPORATION; HEALTH           State Court Action Filed: May 19, 2021
19  SOUTH REHABILITATION
    HOSPITAL OF MURRIETA, LLC; and
20  DOES 1 through 100, inclusive,
21              Defendants.
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
2  OF CALIFORNIA, AND TO PLAINTIFF TRANEKA ECHOLS AND HER
3  ATTORNEYS OF RECORD:

4      PLEASE TAKE NOTICE that Defendants ENCOMPASS HEALTH
5  REHABILITATION HOSPITAL OF MURRIETA, LLC and ENCOMPASS HEALTH
6  CORPORATION (collectively "Defendants"), by and through the undersigned counsel,
7  hereby remove the above-entitled action from the Superior Court of the State of
8  California for the County of Los Angeles to the United States District Court for the
9  Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting
10  diversity jurisdiction under 28 U.S.C. § 1332(a)(1). In support of such removal,
11  Defendants state as follows:

12  **JURISDICTION**

13      1.    This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1),
14  and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a),
15  because it is a civil action wherein the amount in controversy exceeds seventy-five
16  thousand dollars ($75,000), exclusive of interest and costs, and it is between "citizens
17  of different States."

18      2.    As set forth below, this case meets all of Section 1332's requirements for
19  removal and is timely and properly removed by the filing of this Notice.

20      3.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(3), 1391,
21  1441(a), and 1446.

22  **DEFENDANTS**

23      4.    **Defendant ENCOMPASS HEALTH CORPORATION is a Citizen of**
24  **Alabama And Delaware.**  For diversity purposes, the citizenship of a corporation is
25  both the state of its incorporation and the state of its principal place of business.  See 28
26  U.S.C. § 1332(c)(1).  When determining a corporation's principal place of business,
27  courts refer to the place where a corporation's officers direct, control, and coordinate
28  the corporation's activities.  See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  In

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

NOTICE OF REMOVAL

1    other words, a corporation's principal place of business is where the corporation
2    "maintains its headquarters – provided that the headquarters is the actual center of
3    direction, control, and coordination." *Id.*

4        5.    At all relevant times, Encompass Health Corporation ("EHC") is and has
5    been a corporation incorporated under the laws of the State of Delaware.   (See
6    Declaration of John Williams ["Williams Decl."], ¶ 2.)

7        6.    At all relevant times, EHC has had its principal place of business, including
8    its corporate headquarters and its primary management operations, in Birmingham,
9    Alabama.   (See Williams Decl., ¶ 3.)   At all relevant times, EHC's officers have
10   directed, controlled, and coordinated the company's activities from its Birmingham,
11   Alabama headquarters. (*See id.*)  EHC's administrative and executive functions are and
12   have been centralized in its corporate headquarters in Birmingham, where employees
13   perform general administrative functions, including payroll, legal, tax, benefits, and
14   accounting. (*See id.*)  EHC's highest corporate officers are located at the Birmingham
15   headquarters, and they direct, control, and coordinate the entity's activities from that
16   location.   (*See id.*)   EHC's senior management is also primarily employed in
17   Birmingham and formulates corporate policies there.  (*See id.*)  Thus, EHC's principal
18   place of business, including its corporate headquarters, is located in Birmingham,
19   Alabama.

20       7.    **Defendant    ENCOMPASS    HEALTH    REHABILITATION**
21   **HOSPITAL OF MURRIETA, LLC ("EHRHM") is a Citizen of Alabama and**
22   **Delaware.**  EHRHM is and has been a limited liability company formed under the laws
23   of the State of Delaware.  (Williams Decl., ¶ 4.)  The citizenship of a limited liability
24   company for diversity purposes is determined by examining the citizenship of each
25   member of the company. See *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d
26   894, 899 (9th Cir. 2006); *Lee v. FCA US, LLC*, No. CV165190PSGMRWX, 2016 WL
27   11516754, at *3 (C.D. Cal. Nov. 7, 2016) ("As a limited liability company, Defendant
28   FCA US, LLC is a citizen of 'every state of which its owners/members are citizens.' . .

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

3

NOTICE OF REMOVAL

. Defendant FCA US, LLC has only one member, FCA North America Holding LLC, and FCA North America Holding LLC also has only one member, Fiat Chrysler Automobiles, N.V. . . . Given this corporate structure, Defendant FCA US, LLC's citizenship is the citizenship of Fiat Chrysler. . . . Fiat Chrysler is incorporated in the Netherlands and has its principal place of business in London, England. . . . Thus, because Plaintiff is a California citizen and Defendant is a foreign citizen, there is little doubt that the parties are diverse.") (quoting *Johnson*, 437 F.3d at 899).

8.    At all relevant times, the sole member of EHRHM is and has been Encompass Health Owned Hospitals Holdings, LLC, a Delaware limited liability company.  (See Williams Decl., ¶ 5.)  At all relevant times, the sole member of Encompass Health Owned Hospitals Holdings, LLC is and has been Defendant EHC.  (*See id.*, ¶ 6.)  Therefore, EHRHM's citizenship for diversity purposes is dependent upon the citizenship of EHC.  *See Lee*, 2016 WL 11516754, at *3; Johnson, 437 F.3d at 899.

9.    Accordingly, EHC and, as a result, EHRHM, are and have at all relevant times been citizens of the states of Delaware and Alabama.  (See Williams Decl., ¶¶ 2–6.)

10.    **There is no separate entity Plaintiff erroneously named as a defendant called "ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA"** that is related to any of the Defendants or has anything to do with Plaintiff's former employment.  (See Williams Decl., ¶ 7.)  Rather, it is just an informal "doing business as" name of EHRHM.  (*Ibid.*)

11.    **There is also no separate entity Plaintiff erroneously named as a defendant called "HEALTH SOUTH REHABILITATION HOSPITAL OF MURRIETA, LLC"** that is related to any of the Defendants or has anything to do with Plaintiff's former employment.  (See Williams Decl., ¶ 8.)  "HealthSouth Rehabilitation Hospital of Murrieta, LLC" is a former name of ERHRM, changed on April 12, 2018.  (*Ibid.*)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4

NOTICE OF REMOVAL

12.   **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441, the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  The inclusion of "Doe" defendants in a state court filing therefore has no effect on removability.  *Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that only the named defendants' citizenship shall be considered for diversity purposes.

## PLAINTIFF

13.   **Plaintiff is a Resident of California.**  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is prima facie evidence of one's domicile.  *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff's Complaint alleges that she is an individual residing in California. (Kozeychuk Decl., Ex. B, Complaint, ¶ 1.)  Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

## PLEADINGS, PROCESS AND ORDERS

14.   This lawsuit arises out of Plaintiff Traneka Echols ("Plaintiff") employment.  On or about May 19, 2021, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 21STCV18896, entitled *Traneka Echols v. Encompass Health Rehabilitation Hospital of Modesto, LLC, et al.* ("Complaint").  Plaintiff alleges the following causes of action in the Complaint: (1) RACIAL DISCRIMINATION; (2) RACIAL HARASSMENT-HOSTILE WORK ENVIRONMENT; (3) DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ; (4)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

5                    NOTICE OF REMOVAL

PERCEIVED   DISABILITY   DISCRIMINATION   IN   VIOLATION   OF GOVERNMENT   CODE   SECTION   12940   ET   SEQ.;   (5)   FAILURE   TO INVESTIGATE   AND   PREVENT   DISCRIMINATION   AND   RETALIATION   IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ.; (6)  FAILURE TO   ENGAGE   IN   THE   INTERACTIVE   PROCESS   IN   VIOLATION   OF GOVERNMENT   CODE   SECTION   12940   ET   SEQ;   (7)   FALURE   TO ACCOMMODATE IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ.; (8) RETALIATION IN VIOLATION OF GOVERNMENT CODE 12940; (9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and (10) DEFAMATION.

15.    Defendants were served with the Summons and Complaint on June 29, 2021.  Attached as **Exhibits A** and **B** to the concurrently filed Declaration of Uliana A. Kozeychuk are true and correct copies of the Summons to EHC and EHRHM, and of the Complaint, respectively.  (Kozeychuk Decl., Exs. A-B.)  True and correct copies of all other documents filed with the state court are attached to Kozeychuk Declaration as its **Exhibits C-I**.  (Kozeychuk Decl., Exs. C-I.)

16.    On July 28, 2021, Defendant filed an answer to the complaint with the Los Angeles County Superior Court.  (Kozeychuk Decl., Ex. H.)

17.    Pursuant to 28 U.S.C. section 1446(a), the documents attached to the Kozeychuk Declaration as **Exhibits A-I** constitute all process, pleadings, and orders filed in the state court action and/or served upon Defendants.  (Kozeychuk Decl., Exs. A-I, ¶ 12.)

## **TIMELINESS OF REMOVAL**

18.    Plaintiff served the Summons and Complaint on Defendants on June 29, 2021.  Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants were effectively served with the Summons and Complaint within one year after commencement of this action.

/ / /

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

6

NOTICE OF REMOVAL

1

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

2          19.    Section 1332(a) provides: "The district courts shall have original
3  jurisdiction of all civil actions where the matter in controversy exceeds the sum or value
4  of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different
5  States[.]" This action is a civil action over which this Court has original jurisdiction
6  based on diversity of citizenship pursuant to Section 1332(a), and may be removed to
7  this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action
8  between citizens of different States and the amount in controversy exceeds $75,000,
9  exclusive of interest and costs, as set forth below.

10         20.    As detailed above and in the accompanying Declaration of John Williams,
11  Defendants are citizens of Alabama and Delaware.  Plaintiff is a citizen of California.

12         21.    Since Defendants are not citizens of the forum State, California, complete
13  diversity exists for purposes of 28 U.S.C. § 1332.  See *Lincoln Prop. Co. v. Roche*, 546
14  U.S. 81, 84 (2005).

15         ## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

16         22.    As discussed in detail below, the amount in controversy in the Complaint
17  exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and
18  costs, as required by Section 1332(a).

19         23.    Defendant only needs to show by a preponderance of the evidence (that it
20  is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional
21  minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).
22  Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a) that a defendant
23  seeking to remove a case to federal court need only file "a notice of removal 'containing
24  a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin*
25  *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held this
26  language tracks the general pleading requirement stated in Rule 8(a) of the Federal
27  Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain
28  evidentiary submissions."  *Id.* at 551, 553.  Here, the Court can reasonably ascertain

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

7

NOTICE OF REMOVAL

1   from the Complaint and its Prayer for Relief that the amount in controversy exceeds

2   $75,000.  See *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

3   1997) ("The district court may consider whether it is facially apparent from the

4   complaint that the jurisdictional amount is in controversy." (internal citations and

5   quotations omitted).)

6        24.   Specifically, Plaintiff seeks lost earnings, among other things.

7   (Kozeychuk Decl., Ex. B, Complaint, ¶ 111.)  Plaintiff was employed by EHRHM and

8   terminated from employment on or about December 17, 2019.  (Declaration of Virginia

9   Burke ["Burke Decl."], ¶ 3.)  As of that date, Plaintiff's annual salary was $120,000 in

10  her position of a Business Development Director.  (Burke Decl., ¶ 4.)  Assuming that

11  Plaintiff would have continued to work for EHRHM with no change in salary and

12  conservatively estimating that this case would go to trial in December of 2022, back

13  pay would be calculated at **$360,000.00** ($120,000 annual salary x 3 years).

14  Consequently, even just considering back pay, Plaintiff's alleged damages exceed the

15  $75,000 threshold.

16       25.   Plaintiff is also seeking general damages for emotional distress.

17  (Kozeychuk Decl., Ex. B, Complaint, ¶ 112.)  The emotional distress damages, if

18  awarded, vary widely, but generally range from five figures to seven figures.

19       26.   Plaintiff also seeks punitive damages in connection with her allegations.

20  (Kozeychuk Decl., Ex. B, Complaint, Prayer for Relief.)  The Court must take into

21  account punitive damages for purposes of determining the amount in controversy where

22  such damages are recoverable under state law.  *Davenport v. Mut. Benefits Health and*

23  *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,*

24  243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury

25  verdicts in other "cases amply demonstrate the potential for large punitive damage

26  awards in employment discrimination cases").  California law does not provide any

27  specific monetary limit on the amount of punitive damages that may be awarded under

28  Civil Code section 3294.  *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

8                                                    NOTICE OF REMOVAL

1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id.* at 334. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

27.     Finally, Plaintiff is seeking attorneys' fees in connection with her claims. (Kozeychuk Decl., Ex. B, Complaint, Prayer for Relief.)  It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).  As to Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff.  Cal. Gov. Code §12965(b).  While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons,* 209 F. Supp. 2d at 1034.

28.     Plaintiff also seeks "such other and further relief as the Court deems just and proper."  (Kozeychuk Decl., Ex. B, Complaint, Prayer for Relief.)   Although

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

9

NOTICE OF REMOVAL

1  uncertain in amount, these additional damages only serve to increase the amount in

2  controversy.  *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D.

3  Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be

4  determined by a jury, for all incidental, consequential, compensatory and punitive

5  damages" established that her case met amount in controversy requirement even though

6  she plead in the complaint that she did not assert claim in excess of $75,000.)

7      29.    In sum, although Defendant does not concede Plaintiff's claims have any

8  merit, based on the above information, it is certain that the amount in controversy for

9  Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement,

10 exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims

11 asserted by Plaintiff in the state court action based on diversity of citizenship

12 jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

13                              **VENUE**

14     30.    Venue lies in the Central District of California pursuant to 28 U.S.C.

15 sections 84(c), 1441(a), and 1446(a).  Plaintiff originally brought the state court action

16 in the Superior Court of the State of California, County of Los Angeles.  Pursuant to 28

17 U.S.C. § 84(c)(1), the appropriate assignment of the state court action is to the Eastern

18 Division of this Court because Plaintiff is a resident of Riverside County.

19              **NOTICE TO STATE COURT AND PLAINTIFF**

20     31.    Concurrently with the filing of this Notice of Removal in the United States

21 District Court for the Central District of California, written notice of such filing will be

22 given by the undersigned to counsel for Plaintiff, LAW OFFICES OF MARYANN P.

23 GALLAGHER.  In addition, a copy of this Notice of Removal will be filed with the

24 Clerk of the Superior Court of the State of California for the County of Los Angeles.

25     As demonstrated above, this civil action is between a citizen of the State of

26 California (Plaintiff) and citizens of the States of Alabama and Delaware (Defendants).

27 The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

10                                    NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, to the above-entitled Court.

Dated:        July 29, 2021

LITTLER MENDELSON, P.C.

_____

Jon G. Miller
Uliana A. Kozeychuk
Attorneys for Defendants ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA, LLC and ENCOMPASS HEALTH CORPORATION

4838-8755-8132.1 / 060078-1143

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

11                    NOTICE OF REMOVAL