# Exhibit B

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2021 04:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 5:21-cv-01271  Document 1-9  Filed 07/29/21  Page 2 of 36  Page ID #:23

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

**LAW OFFICES OF MARYANN P. GALLAGHER**
MARYANN P. GALLAGHER, SBN 146078
205 S. Broadway, Suite 920
Los Angeles, CA 90012
Telephone: (213) 626-1810
Facsimile: (213) 626-0961
E-mail: mail@mpg-law.com

Attorneys for Plaintiff TRANEKA ECHOLS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TRANEKA ECHOLS,<br><br>  Plaintiff,<br><br>   v.<br><br><br>ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA; ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA, LLC;  ENCOMPASS HEALTH CORPORATION;  HEALTH SOUTH REHABILITATION HOSPITAL OF MURRIETA, LLC;; and DOES 1 through 100, inclusive,<br><br>  Defendants. | CASE NO.   21STCV18896<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **RACIAL DISCRIMINATION**<br>2. **RACIAL HARASSMETN-HOSTILE WORK ENVIRONMENT**<br>3. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ**<br>4. **PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ**<br>5. **FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION  AND RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ**<br>6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ**<br>7. **FALURE TO ACCOMMODATE IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ**<br>8. **RETALIATION IN VIOLATION OF GOVERNMENT CODE 12940**<br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>10. **DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMES NOW** Plaintiff TRANEKA ECHOLS (hereinafter "Plaintiff") who brings this Complaint against the above-named Defendants and DOES 1 through 100, and each of them, as follows:

## THE PARTIES

1.      Plaintiff TRANEKA ECHOLS was hired as The Director Of Business Development. Plaintiff is an African American female.  Plaintiff is a resident of the State of California.

2.   Defendant ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA; ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA, LLC;  ENCOMPASS HEALTH CORPORATION  [hereinafter "ENCOMPASS DEFENDANTS " are residents of the State of California  and or conducting business in the State of California. HEALTH SOUTH REHABILITATION HOSPITAL OF MURRIETA, LLC. Changed its name to ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MURRIETA, LLC.

## FACTUAL ALLEGATIONS

3.    Plaintiff came to  work for ENCOMPASS DEFENDANTS at Murrieta California. She brought with her a book of business, clients and vendors whom she had relationships with .  Defendants used her for her connections to bring in business. Plaintiff was at all times a qualified injured worker as set forth in  Government Code 12926, 12940 et seq. Plaintiff was African American.   Plaintiff suffered from dyslexia. Due to the  constant stress from the hostile work environment and lack of any support from the CEO and Pam  Drake, plaintiff was unable to work due to the stress. Her doctor placed her on medical leave for a few days.   She was terminated  when she returned a few days later from medical leave.

4.    Defendants created and permitted a hostile work environment.  Plaintiff was called a "black bitch" and "Oreo".  Pam Drake, plaintiff's supervisor  would make fun of

plaintiff's dyslexia and claim that plaintiff had an attitude because of her skin color. Drake would say things like " You think you're all that". Drake would berate her in front of other employees. Plaintiff was assigned a large office, but Drake took it away from her and sent her to a smaller office. Drake went out of her way to degrade plaintiff. Drake was constantly condescending and abusive to plaintiff. When plaintiff complained to Drake about the racist comments, Drake failed to take immediate and corrective action. Instead she ratified and condoned the discrimination and hostile work environment. She told plaintiff to stop complaining and " you need to suck it up and be a big girl". Plaintiff began to suffer stress and stress related symptoms and was placed off work. Plaintiff complained to Human resources. Human resources refused to take any action either. Instead plaintiff was fired in retaliation for complaining and taking medical leave.

5. Drake would make fun of plaintiff's dyslexia, she told her she needed to read more books, when plaintiff was locked out of her computer one day and asked Drake for help Drake started yelling at her, she called her dyslexic and a fool.

6. Other people who witnessed Drake's behavior towards plaintiff commented about how abusive she was towards plaintiff. They told her to go to Human Resources to report the abuse.

7. The hostile work environment and abuse continued for approximately 3 months. It was so severe it caused plaintiff to suffer emotional distress to the point it was causing her physical symptoms. She went to see a doctor who took her off work, she provided her doctors note.

8. When she was out on leave due to the stress from Drake, an employee called her and told her that they heard she had been fired. Plaintiff called the ENCOMPASS DEFENDANT's corporate offices. They told her to go home and they would look into it. Plaintiff received severance letter on or about December 16,2019.

9. After plaintiff was terminated, Drake and others at Encompass defamed plaintiff. They talked to Vendors and told them that they fired plaintiff because of poor performance.

Plaintiff was not a poor performer this was false.  The defamation caused plaintiff injury to her reputation.

10. Plaintiff  is ignorant of the true names and capacities, whether corporate, associate, individual, or otherwise, of DEFENDANTS sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff  will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants designated as DOES 1 through 100, when the same have been ascertained. Plaintiff  is informed and believes, and thereon alleges, that each Defendant, designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

11. Plaintiff  is informed and believes, and thereon allege, that at all times relevant herein, each Defendant designated, including Does 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, alter ego, affiliate, co-employer, joint venturer, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

12. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, EMPLOYER DEFENDANTS  and Does 1 through 100 and each of them, was the agent, servant, employee, representative, joint venturer, parent, co-employer, alter ego assign, predecessor, manager, agent, managing agent and/or successor of each of the EMPLOYER DEFENDANTS and were at all times material hereto acting within the authorized course and scope of these relationships, and/or that all acts, conduct, and omissions were subsequently ratified by the respective principals and the benefits

1    thereof accepted by the principals.

2

3                    **FIRST CAUSE OF ACTION**

4    **(RACIAL  DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION**

5                              **12940 ET SEQ)**

6       13.     Plaintiff repeats and realleges each and every allegation set forth in the preceding

7    paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

8       14.     At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

9    15. Beginning in approximately  October 2019 and continuing until approximately

10       December 2019, DEFENDANTS  employees, supervisors and managing agents,

11       including, and each of them, while acting in the course and scope of their employment

12       with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of

13       EMPLOYER DEFENDANTS , discriminated against  plaintiff on the basis of  her

14       race,  and failed to take all necessary steps to prevent discrimination and harassment

15       from occurring.  Defendants knowingly permitted employees to call plaintiff "Black

16       Bitch" and  "Oreo" and to mistreat plaintiff and bully her based on her race.

17    16.  Pam Drake, plaintiff's supervisor  would make fun of plaintiff's dyslexia and claim

18       that  plaintiff had an attitude because of her skin color. Drake would say things like "

19       You think you're all that". Drake would berate her in front of  other employees.

20       Plaintiff was assigned a large office, but Drake took it away from her and sent her to a

21       smaller office. Drake went out of her way to degrade plaintiff.  Drake  was constantly

22       condescending and abusive to plaintiff. When plaintiff complained to Drake about the

23       racist comments, Drake failed to take immediate and corrective action.  Instead she

24       ratified and condoned the discrimination and hostile work environment. She told

25       plaintiff to stop complaining and " you need to suck  it up and be a big girl".   Plaintiff

26       began to suffer stress and stress related symptoms and was placed off work. Plaintiff

27       complained to Human resources. Human resources refused to take any action either.

28       Instead plaintiff was  fired in retaliation for  complaining and taking medical leave.

17. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.

18. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020 permitting  her   to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

19. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

20. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

21. Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their

managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

22. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

23. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

24. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

25. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

26. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

27. Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

**SECOND CAUSE OF ACTION**

**( RACIAL HARASSMENT- HOSTILE WORK ENVIRONMENT IN VIOLATION OF**

**GOVERNMENT CODE SECTION 12940 ET SEQ)**

28. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

29.     At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

30. Beginning in approximately  October 2019 and continuing until approximately December 2019, DEFENDANTS  employees, supervisors and managing agents, including, and each of them, while acting in the course and scope of their employment with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS ,  harassed  plaintiff on the basis of  her race,  and failed to take  immediate and corrective  action to prevent the hostile work environment. Defendants knowingly permitted employees to call plaintiff "Black Bitch" and  "Oreo" and to mistreat plaintiff and bully her based on her race.

31. Pam Drake, plaintiff's supervisor  would make fun of plaintiff's dyslexia and claim that  plaintiff had an attitude because of her skin color. Drake would say things like " You think you're all that". Drake would berate her in front of  other employees. Plaintiff was assigned a large office, but Drake took it away from her and sent her to a smaller office. Drake went out of her way to degrade plaintiff.  Drake  was constantly condescending and abusive to plaintiff. When plaintiff complained to Drake about the racist comments, Drake failed to take immediate and corrective action.  Instead she ratified and condoned the discrimination and hostile work environment. She told plaintiff to stop complaining and " you need to suck  it up and be a big girl".   Plaintiff began to suffer stress and stress related symptoms and was placed off work. Plaintiff complained to Human resources. Human resources refused to take any action either. Instead plaintiff was  fired in retaliation for  complaining and taking medical leave.

32. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her

off work for a few days. When she was out sick an employee called and told her she had been terminated. She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.

33. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue, on or about May 19,2020 permitting her to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

34. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

35. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

36. Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and ratified it and condoned it. Drake was aware of and actively participated in the discrimination and harassment of plaintiff and ratified and condoned the hostile work environment. The CEO Perry knew about the discrimination and harassment and termination of plaintiff and ratified and condoned it. Plaintiff complained to Human Resources and they didn't investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter

egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

37. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

38. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

39. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

40. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

41. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

42. Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

### THIRD CAUSE OF ACTION

**(DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ)**

43. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

44. At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

45. Beginning in approximately  October 2019 and continuing until approximately December 2019, DEFENDANTS  employees, supervisors and managing agents, including, and each of them, while acting in the course and scope of their employment with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS , discriminated against  plaintiff on the basis of  her disability,  and failed to take all necessary steps to prevent discrimination and harassment from occurring.   Plaintiff was a qualified injured worker who suffered from dyslexia.  Drake knew about plaintiff's dyslexia.

46.  Pam Drake, plaintiff's supervisor  would make fun of plaintiff's dyslexia and claim that  plaintiff had an attitude because of her skin color. Drake would say things like " You think you're all that". Drake would berate her in front of  other employees. Plaintiff was assigned a large office, but Drake took it away from her and sent her to a smaller office. Drake went out of her way to degrade plaintiff.  Drake  was constantly condescending and abusive to plaintiff. When plaintiff complained to Drake about the racist comments, Drake failed to take immediate and corrective action.  Instead she ratified and condoned the discrimination and hostile work environment. She told plaintiff to stop complaining and " you need to suck  it up and be a big girl".   Plaintiff began to suffer stress and stress related symptoms and was placed off work. Plaintiff complained to Human resources. Human resources refused to take any action either. Instead plaintiff was  fired in retaliation for  complaining and taking medical leave.

47.  Further, plaintiff was suffering from emotional distress  that prevented her from

working and her doctor took her off work. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.

48. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020 permitting  her  to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

49. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

50. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

51. Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of

EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

52. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

53. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

54. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

55. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

56. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

57. Plaintiff has suffered general damages in an amount within the jurisdiction of this

1    court.

2

3                          **FOURTH CAUSE OF ACTION**

4    **(PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF**
     **GOVERNMENT CODE SECTION 12940 ET SEQ)**

5

6        58.     Plaintiff repeats and repleads all of the prior causes of action and all the facts that

7    support them.

8        59. Plaintiff repeats and realleges each and every allegation set forth in the preceding

9           paragraphs and incorporates them herein by reference with the same effect as if

10          realleged herein.

11       60. At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

12       61. Beginning in approximately  October 2019 and continuing until approximately

13          December 2019, DEFENDANTS  employees, supervisors and managing agents,

14          including, and each of them, while acting in the course and scope of their employment

15          with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of

16          EMPLOYER DEFENDANTS , discriminated against  plaintiff on the basis of  her

17          perceived disability,  and failed to take all necessary steps to prevent discrimination

18          and harassment from occurring.   Plaintiff was a qualified injured worker who suffered

19          from dyslexia.  Drake knew about plaintiff's dyslexia she perceived that as a disability.

20       62.  Pam Drake, plaintiff's supervisor  would make fun of plaintiff's dyslexia and claim

21          that  plaintiff had an attitude because of her skin color. Drake would say things like "

22          You think you're all that". Drake would berate her in front of  other employees.

23          Plaintiff was assigned a large office, but Drake took it away from her and sent her to a

24          smaller office. Drake went out of her way to degrade plaintiff.  Drake  was constantly

25          condescending and abusive to plaintiff. When plaintiff complained to Drake about the

26          racist comments, Drake failed to take immediate and corrective action.  Instead she

27          ratified and condoned the discrimination and hostile work environment. She told

28          plaintiff to stop complaining and " you need to suck  it up and be a big girl".   Plaintiff

                                              14

began to suffer stress and stress related symptoms and was placed off work. Plaintiff complained to Human resources. Human resources refused to take any action either. Instead plaintiff was  fired in retaliation for  complaining and taking medical leave.

63.  Further, when plaintiff was  so emotionally distraught by the months of harassment and discrimination  her doctor took her off work.  Encompass Defendants knew plaintiff was out  of  work because she faxed them a note.  Encompass Defendant perceived plaintiff as disabled. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.

64. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020 permitting  her  to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

65. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

66. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

67. Further, Defendants, their managing agents, including but not limited to, managing

agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there. The CEO Perry knew about the discrimination and harassment and termination of plaintiff and ratified and condoned it. Plaintiff complained to Human Resources and they didn't investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

68. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

69. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

70. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

71. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an

indifference to or a reckless disregard of the health or safety of others."

72. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

73. Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

**FIFTH CAUSE OF ACTION**

**( FAILURE TO INVESTIGATE AND PREVENT HARASSMENT AND DISCRIMINATION AND RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ.)**

74. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

75. At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

76. Beginning in approximately October 2019 and continuing until approximately December 2019, DEFENDANTS employees, supervisors and managing agents, including, and each of them, while acting in the course and scope of their employment with EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS , failed to take all necessary steps to prevent discrimination and harassment and retaliation from occurring.

77. As set forth above, plaintiff was subjected to discrimination and harassment based on her race and discrimination based on her disability and perceived disability.

78.  Instead of taking steps to prevent the harassment , discrimination and retaliation, Pam Drake, plaintiff's supervisor would make fun of plaintiff's dyslexia and claim that plaintiff had an attitude because of her skin color. Drake would say things like " You

think you're all that". Drake would berate her in front of other employees.  Plaintiff was assigned a large office, but Drake took it away from her and sent her to a smaller office. Drake went out of her way to degrade plaintiff.  Drake  was constantly condescending and abusive to plaintiff. When plaintiff complained to Drake about the racist comments, Drake failed to take immediate and corrective action.  Instead she ratified and condoned the discrimination and hostile work environment. She told plaintiff to stop complaining and " you need to suck  it up and be a big girl".   Plaintiff began to suffer stress and stress related symptoms and was placed off work. Plaintiff complained to Human resources. Human resources refused to take any action either. Instead plaintiff was  fired in retaliation for  complaining and taking medical leave.

79.  Further, plaintiff was suffering from emotional distress  that prevented her from working and her doctor took her off work. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.

80. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020 permitting  her   to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

81. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

82. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

83. Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

84. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

85. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

86. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

87. The harm to Plaintiff was "physical" in the sense that it affected her emotional and

1    mental health, rather than being a purely economic harm. State Farm Mutual.

2    Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively

3    reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing

4    agents' acts of discrimination and harassment toward PLAINTIFF would affect her

5    emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an

6    indifference to or a reckless disregard of the health or safety of others."

7    88. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and

8    alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable

9    attorneys' fees and costs of said suit as specifically provided in California Government

10   Code §12965(b).

11   89.     Plaintiff has suffered general damages in an amount within the jurisdiction of this

12   court.

13

14   **SIXTH CAUSE OF ACTION**

15   **( FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS  IN VIOLATION OF**

16   **GOVERNMENT CODE SECTION 12940 ET SEQ )**

17   90. Plaintiff repeats and realleges each and every allegation set forth in the preceding

18   paragraphs and incorporates them herein by reference with the same effect as if

19   realleged herein.

20   91. At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

21   92. Beginning in approximately  October 2019 and continuing until approximately

22   December 2019, DEFENDANTS  employees, supervisors and managing agents,

23   including, and each of them, while acting in the course and scope of their employment

24   with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of

25   EMPLOYER DEFENDANTS , failed to engaged in the interactive process.

26   93. As set forth above, plaintiff was  suffering from extreme emotional distress due to

27   harassment and discrimination by ENCOMPASS DEFENDANTS .

28   94.     Further, plaintiff was suffering from emotional distress  that prevented her from

working and her doctor took her off work. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019.  No one even attempted to engage in the interactive process with plaintiff to see how they could accommodate so that she could return to work, instead they terminated her.

95. PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020 permitting  her   to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

96. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

97. As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

98. Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action.

1    Plaintiff complained to the corporate officers and they ratified and condoned the

2    discrimination and harassment and  termination. The aforementioned acts of

3    EMPLOYER DEFENDANTS and its alter egos, committed by and through their

4    managing agents, supervisors, were done with the knowledge of EMPLOYER

5    DEFENDANTS and its alter egos and or were ratified and condoned by them and their

6    alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive,

7    illegal and despicable and were done in willful and conscious disregard of the rights,

8    welfare and safety of Plaintiff, and were done by managerial agents of Defendants and

9    its alter egos, and Does 1 through 100, and with the express knowledge, consent, and

10   ratification of managerial employees of Defendants and its alter egos, thereby

11   justifying the awarding of punitive and exemplary damages in an amount to be

12   determined at the time of trial.

13   99. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway,

14   in blatant disregard of the law.

15   100.    As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS,

16   and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees

17   and costs.

18   101.    Plaintiff has been generally damaged in an amount within the jurisdiction of this

19   Court.

20   102.    The harm to Plaintiff was "physical" in the sense that it affected her emotional

21   and mental health, rather than being a purely economic harm. State Farm Mutual.

22   Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively

23   reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing

24   agents' acts of discrimination and harassment toward PLAINTIFF would affect her

25   emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an

26   indifference to or a reckless disregard of the health or safety of others."

27   103.    As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents

28   and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable

1    attorneys' fees and costs of said suit as specifically provided in California Government

2    Code §12965(b).

3    104.    Plaintiff has suffered general damages in an amount within the jurisdiction of this

4    court.

5

6    **SEVENTH CAUSE OF ACTION**

7    **( FAILURE TO ACCOMMODATE  IN VIOLATION OF GOVERNMENT CODE**

8    **SECTION 12941 ET SEQ.)**

9    105.    Plaintiff repeats and realleges each and every allegation set forth in the preceding

10   paragraphs and incorporates them herein by reference with the same effect as if

11   realleged herein.

12   106.    At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

13   107.    Beginning in approximately  October 2019 and continuing until approximately

14   December 2019, DEFENDANTS  employees, supervisors and managing agents,

15   including, and each of them, while acting in the course and scope of their employment

16   with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of

17   EMPLOYER DEFENDANTS , failed to accommodate plaintiff.

18   108.    As set forth above, plaintiff was  suffering from extreme emotional distress due to

19   harassment and discrimination by ENCOMPASS DEFENDANTS .

20   109.     Further, plaintiff was suffering from emotional distress  that prevented her from

21   working and her doctor took her off work. After plaintiff complained,  the atmosphere

22   was so stressful  her doctor had to take her off work for  a few days.  When she was out

23   sick an employee called and told her she had been terminated.  She called the

24   Corporate offices to complain and they said they would take care of it. Then they

25   terminated her on December 16,2019.  No one even attempted to engage in the

26   accommodate plaintiff  so that she could return to work, instead they terminated her

27   when she was out due to extreme emotional distress and resulting physical ailments.

28   110.    PLAINTIFF filed timely charges with the California Department of Fair

Employment and Housing and received notice of the right to sue,  on or about May 19,2020  permitting  her   to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

111.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

112.    As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

113.    Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and

its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

114.    The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

115.    As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

116.    Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

117.    The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

118.    As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

119.    Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

**EIGHTH CAUSE OF ACTION**

**(RETALIATION IN VIOLATION OF GOVERNMENT CODE 12940)**

120.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

121.    At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

122.    Beginning in approximately October 2019 and continuing until approximately December 2019, DEFENDANTS employees, supervisors and managing agents, including, and each of them, while acting in the course and scope of their employment with EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS retaliated against plaintiff in violation of Government Code 12940 .

123.    As set forth above, plaintiff was subjected to racial harassment and discrimination, disability and perceived disability discrimination, she complained about this to Drake and to the corporate offices, she was terminated as a result. Further, plaintiff suffered from severe emotional distress and had to be taken off work. When she was out for this she was terminated.

124.    Further, plaintiff was suffering from emotional distress that prevented her from working and her doctor took her off work. After plaintiff complained, the atmosphere was so stressful her doctor had to take her off work for a few days. When she was out sick an employee called and told her she had been terminated. She called the Corporate offices to complain and they said they would take care of it. Then they terminated her on December 16,2019. No one even attempted to engage in the accommodate plaintiff so that she could return to work, instead they terminated her when she was out due to extreme emotional distress and resulting physical ailments.

125.    PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue, on or about May 19,2020 permitting her to bring this legal action. PLAINTIFF has therefore

exhausted her administrative remedies under the California Government Code.

126.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

127.    As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

128.    Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby

1   justifying the awarding of punitive and exemplary damages in an amount to be

2   determined at the time of trial.

3   129.   The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it

4   anyway, in blatant disregard of the law.

5   130.   As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS,

6   and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees

7   and costs.

8   131.   Plaintiff has been generally damaged in an amount within the jurisdiction of this

9   Court.

10   132.   The harm to Plaintiff was "physical" in the sense that it affected her emotional and

11   mental health, rather than being a purely economic harm. State Farm Mutual.

12   Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively

13   reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing

14   agents' acts of discrimination and harassment toward PLAINTIFF would affect her

15   emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an

16   indifference to or a reckless disregard of the health or safety of others."

17   133.   As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents

18   and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable

19   attorneys' fees and costs of said suit as specifically provided in California Government

20   Code §12965(b).

21   134.   Plaintiff has suffered general damages in an amount within the jurisdiction of this

22   court.

23

24

25

26

27

28

COMPLAINT

**NINTH CAUSE OF ACTION**

**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY )**

135.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that support them.

136.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

137.    At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

138.    Beginning in approximately  October 2019 and continuing until approximately December 2019, DEFENDANTS  employees, supervisors and managing agents, including, and each of them, while acting in the course and scope of their employment with  EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS  terminated plaintiff in  violation of  the public  policies as set forth Government Code 12940 , including the public policy  that  employers should not engage in discrimination  or harassment based on race, disability, or perceived disability and should  accommodate an injured employee and  not terminate them and that they should not retaliate against someone who complains about violations of FEHA or who takes disability leave.

139.    As set forth above,  plaintiff was subjected to racial harassment and discrimination, disability and perceived disability discrimination, she complained about  this to Drake and to the corporate offices, she was terminated as a result.  Further, plaintiff suffered from severe emotional distress and had to be taken off work. When she was out for this she was terminated.

140.    Further, plaintiff was suffering from emotional distress  that prevented her from working and her doctor took her off work. After plaintiff complained,  the atmosphere was so stressful  her doctor had to take her off work for  a few days.  When she was out sick an employee called and told her she had been terminated.  She called the Corporate offices to complain and they said they would take care of it. Then they

terminated her on December 16,2019.  No one even attempted to engage in the accommodate plaintiff  so that she could return to work, instead they terminated her when she was out due to extreme emotional distress and resulting physical ailments.

141.    PLAINTIFF filed timely charges with the California Department of Fair Employment and Housing and received notice of the right to sue,  on or about May 19,2020  permitting  her   to bring this legal action. PLAINTIFF has therefore exhausted her administrative remedies under the California Government Code.

142.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

143.    As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

144.    Further, Defendants, their managing agents, including but not limited to, managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed DRAKE to continue working there.  The CEO Perry  knew about the  discrimination and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff complained to Human Resources and they didn't  investigate or take corrective action. Plaintiff complained to the corporate officers and they ratified and condoned the discrimination and harassment and  termination. The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER

DEFENDANTS and its alter egos and or were ratified and condoned by them and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

145. The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it anyway, in blatant disregard of the law.

146. As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

147. Plaintiff has been generally damaged in an amount within the jurisdiction of this Court.

148. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. State Farm Mutual. Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

149. As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

150. Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

**TENTH CAUSE OF ACTION**

**(DEFAMATION)**

151.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that support them.

152.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

153.    At all times herein, ENCOMPASS DEFENDANTS were plaintiff's employer.

154.    After plaintiff was terminated, Drake and others at Encompass Defendants defamed plaintiff. Encompass Defendants, and their supervisors and managing agents, including but not limited to Drake, talked to Vendors and told them that they fired plaintiff because of poor performance. Plaintiff was not a poor performer this was false. The defamation caused plaintiff injury to her reputation. THE ENCOMPASS DEFENDANTS continued to make false allegations about plaintiff's performance to vendors and other employees at ENCOMPASS. The allegations have caused plaintiff actual damages . Her reputation ahs been damaged.

155.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

156.    As a direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent

1    of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert

2    the same when they are ascertained.

3    157.    Further, Defendants, their managing agents, including but not limited to, managing

4    agents, supervisors, ratified and condoned the action against Plaintiff and allowed

5    DRAKE to continue working there.  The CEO Perry  knew about the  discrimination

6    and harassment and termination of plaintiff and ratified and condoned it.  Plaintiff

7    complained to Human Resources and they didn't  investigate or take corrective action.

8    Plaintiff complained to the corporate officers and they ratified and condoned the

9    discrimination and harassment and  termination. The aforementioned acts of

10   EMPLOYER DEFENDANTS and its alter egos, committed by and through their

11   managing agents, supervisors, were done with the knowledge of EMPLOYER

12   DEFENDANTS and its alter egos and or were ratified and condoned by them and their

13   alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive,

14   illegal and despicable and were done in willful and conscious disregard of the rights,

15   welfare and safety of Plaintiff, and were done by managerial agents of Defendants and

16   its alter egos, and Does 1 through 100, and with the express knowledge, consent, and

17   ratification of managerial employees of Defendants and its alter egos, thereby

18   justifying the awarding of punitive and exemplary damages in an amount to be

19   determined at the time of trial.

20   158.    The EMPLOYER DEFENDANTS knew their behavior was illegal, but did it

21   anyway, in blatant disregard of the law.

22   159.    As a result of the acts and omissions to act, of the EMPLOYER DEFENDANTS,

23   and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees

24   and costs.

25   160.    Plaintiff has been generally damaged in an amount within the jurisdiction of this

26   Court.

27   161.    The harm to Plaintiff was "physical" in the sense that it affected her emotional and

28   mental health, rather than being a purely economic harm. State Farm Mutual.

1    Automobile Ins. Co. v. Campbell (2003) 538 U.S. 408, 419. It was objectively

2    reasonable to assume that EMPLOYER DEFENDANTS' employers' and managing

3    agents' acts of discrimination and harassment toward PLAINTIFF would affect her

4    emotional well-being, and therefore DEFENDANTS employers' "conduct evinced an

5    indifference to or a reckless disregard of the health or safety of others."

6    162.    As a result of the discriminatory acts of EMPLOYER DEFENDANTS, their agents

7    and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable

8    attorneys' fees and costs of said suit as specifically provided in California Government

9    Code §12965(b).

10   163.    Plaintiff has suffered general damages in an amount within the jurisdiction of this

11   court.

12

13                                    **PRAYER**

14   WHEREFORE, the Plaintiff prays for judgment against the Defendants, and each

15   of them and DOES 1 through 100, as follows:

16                **AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100:**

17   1.    For general damages in an amount within the jurisdictional limits of this court;

18   2.    For medical expenses and related items of expense, according to proof;

19   3.    For loss of earnings, earning capacity and benefits, according to proof;

20   4.    For attorneys' fees according to proof;

21   5.    For prejudgment interest according to proof;

22   6.    For costs of suit incurred herein;

23   7.    For interest as allowed by law;

24   8.    For all penalties as permitted under the law;

25   9.    For Special Damages as permitted by Statute;

26   10.   For such other and further relief as the court may deem just and proper; and

27   11.   For exemplary and punitive damages in an amount according to proof.

28                              **JURY TRIAL DEMAND**

1     The Plaintiff hereby demands a trial by jury.

2

3     DATED: May 19, 2021                    LAW OFFICES OF MARYANN P. GALLAGHER

4

5     By: _____

6            MARYANN P. GALLAGHER
         _____
7        Attorneys for Plaintiff TRANEKA ECHOLS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT